UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL W. WILLIAMS,

    Plaintiff,

v.

BERNIE WARNER, et al.,

    Defendants.

CASE NO. C15-5655 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendations ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkts. 23, 51), and Plaintiff Michael Williams's ("Williams") objections to the R&Rs (Dkts. 41, 72).

**I. PROCEDURAL HISTORY**

Williams, a pro se prisoner, filed a 42 U.S.C. § 1983 complaint against thirty-three defendants, including the State of Washington, Washington Department of Corrections ("DOC"), and various DOC employees (collectively "Defendants"). Dkt. 19. Williams alleges Defendants violated his due process rights, equal protection rights, and First Amendment rights when they classified him as a "Defacto Life Without Possibility of Parole ('LWOPP')." *Id.* at 28–34.

On September 21, 2015, Williams filed a motion for a temporary restraining order. Dkt. 10. Williams seeks to restrain Defendants from:

> (a) Using the Defacto LWOPP category to treat non-L[W]OPP offenders such as [Williams] as if they were LWOPP offenders in order to deny civil rights; (b) Increase their quantum of punishment on an Ex Post Facto basis; (c) Deny privileges that they are entitled to under Washington statute; (d) Transfering [sic] on the basis of the Defacto LWOPP classification or otherwise retaliating against [Williams] including separation from, loss, or destruction of legal material, or access devices such as typewriters.

*Id.* at 1–2. Williams also filed a motion to extend the temporary restraining order. Dkt. 12. On October 2, 2015, Judge Creatura recommended the Court deny both motions. Dkt. 23. On October 15, 2015, Williams filed objections. Dkt. 41.

On September 23, 2015, Williams filed a motion for a preliminary injunction, seeking the same relief as his motion for a temporary restraining order. Dkt. 14 at 2–3. Williams also filed a motion for a telephonic hearing. Dkt. 18. On October 20, 2015, Judge Creatura recommended the Court deny both motions. Dkt. 51. On November 9, 2015, Williams filed objections. Dkt. 72.

## II. DISCUSSION

Williams objects to both R&Rs, arguing he should be granted preliminary injunctive relief. Dkts. 41, 72. In the interest of judicial economy, the Court will address Williams's objections to the two R&Rs in this order.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge

>may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Nothing in Williams's objections demonstrates Judge Creatura's recommendations are in error. As Judge Creatura explained, Williams must satisfy four requirements to obtain a temporary restraining order or a preliminary injunction. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Specifically, Williams must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury; (3) a balance of hardships weighing in his favor; and (4) advancement of a public interest. *Id.* Although Williams submits new evidence with his objections, *see* Dkts. 41-1 & 72-1, this evidence does not establish a likelihood of success on the merits or an immediate threat of irreparable injury. Williams also fails to show the other two requirements are satisfied in this case. The Court therefore agrees with Judge Creatura that Williams's motions should be denied.

## III. ORDER

The Court having considered the R&Rs, Williams's objections, and the remaining record, does hereby find and order that the R&Rs (Dkts. 23, 51) are **ADOPTED**.

Dated this 1st day of December, 2015.

BENJAMIN H. SETTLE
United States District Judge