1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

MICHAEL W. WILLIAMS,

           Plaintiff,

   v.

BERNIE WARNER, et al.,

           Defendants.

CASE NO. C15-5655 BHS

ORDER DECLINING TO ADOPT
THE REPORT AND
RECOMMENDATION AND
REREFERRING FOR FURTHER
CONSIDERATION

13

14

15

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 84), and the

parties' objections to the R&R (Dkts. 85, 87).

16

**I. PROCEDURAL AND FACTUAL BACKGROUND**

17

18

19

20

21

22

In 2005, Plaintiff Michael Williams ("Williams") was convicted of various crimes

in state court.  Dkt. 19 ("Comp.") ¶ 47.  Following Williams's conviction, the

Washington Department of Corrections ("DOC") created a classification category called

"De Facto Life Without the Possibility of Parole ('De Facto LWOPP')."  *Id.* ¶ 50.  In

October 2010, Williams was classified as a De Facto LWOPP and his custody level was

changed.  *Id.* ¶¶ 54–56.  Subsequent custody review hearings were held in May 2011,

April 2012, 2013, and April 2015.  *Id.* ¶¶ 61–62, 63–69.  Williams objected to his custody level and De Facto LWOPP classification at each of these hearings, but his custody level was maintained with an LWOPP override.  *Id.*

On September 21, 2015, Williams filed a 42 U.S.C. § 1983 complaint against thirty-three defendants, including the State of Washington, DOC, and various DOC employees (collectively "Defendants").  Dkt. 9.  Two days later, Williams filed an amended complaint, alleging Defendants violated his due process, equal protection, and First Amendment rights, as well as the Ex Post Facto Clause.  Comp. ¶¶ 75–85.

On October 19, 2015, Defendants moved to dismiss, arguing Williams's claims are barred by the statute of limitations.  Dkt. 43.  Alternatively, Defendants argued Williams failed to state a claim.  *Id.*

On December 15, 2015, Judge Creatura issued the R&R.  Dkt. 84.  Judge Creatura first determined Williams's claims are timely because the continuing violation doctrine applies.  *Id.* at 6–8.  Next, Judge Creatura recommended granting Defendants' motion to dismiss because Williams failed to state a claim.  *Id.* at 8–17.  Judge Creatura also recommended granting Williams leave to amend his equal protection, First Amendment retaliation, and ex post facto claims, as well as the personal participation of all named defendants.  *Id.* at 17–18.  Finally, Judge Creatura recommended denying Williams leave to amend his due process claim.  *Id.* at 18.

On December 22, 2015, Defendants filed objections.  Dkt. 85.  On January 4, 2016, Williams filed objections and a response to Defendants' objections.  Dkt. 87.

1

## II. DISCUSSION

2        Defendants object to the R&R, arguing Judge Creatura erred by concluding

3  Williams's claims are timely and by granting Williams leave to amend his ex post facto

4  claim.  Dkt. 85.  Williams, in turn, argues Judge Creatura erred by recommending the

5  Court deny Williams leave to amend his due process claim.  Dkt. 87.

6  **A.     Standard**

7        Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's

8  recommended disposition.  Rule 72(b) provides:

9            The district judge must determine de novo any part of the magistrate
             judge's disposition that has been properly objected to.  The district judge
10           may accept, reject, or modify the recommended disposition; receive further
             evidence; or return the matter to the magistrate judge with instructions.

11 Fed. R. Civ. P. 72(b)(3).

12 **B.     Statute of Limitations**

13       Defendants object to Judge Creatura's conclusion that Williams's claims are

14 timely.  Dkt. 85 at 2.  Williams filed his § 1983 suit in September 2015, and the

15 applicable statute of limitations is three years.  *See Joshua v. Newell*, 871 F.2d 884, 886

16 (9th Cir. 1989).  Thus, any claims that accrued prior to September 2012 are barred by the

17 statute of limitations.

18       In this case, there are two issues at play: (1) when Williams's claims accrued; and

19 (2) whether the continuing violation doctrine applies to Williams's claims.  As to the first

20 issue, "[a] statute of limitations begins to run on the date on which the plaintiff's claim

21 'accrues.'"  *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).  "A federal claim

22

accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* at 574. "In *Pouncil*, [the Ninth Circuit] emphasized that an act must be 'discrete' or 'independently wrongful' to cause a new claim to accrue." *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 870 (9th Cir. 2014) (citing *Pouncil*, 704 F.3d at 581). "If the act is merely the 'delayed, but inevitable, consequence' of a prior discriminatory act, it will not cause a new statute of limitations to run." *Id.* (citing *Pouncil*, 704 F.3d at 581).

As for the second issue, the continuing violation doctrine allows a plaintiff to seek relief for the cumulative effects of repeated conduct that began outside the limitations period and continued into the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115–21 (2002). The doctrine, however, does not apply to discrete acts that are time barred, even when they relate to acts within the limitations period. *Id.* at 113. The doctrine also does not apply to the continuing impact from a wrongful act outside the limitations period. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

With these standards in mind, the Court turns to Williams's claims.

## 1. Due Process, Equal Protection, and Ex Post Facto Claims

Construing Williams's complaint liberally, Williams is challenging the decision to classify him as a De Facto LWOPP in October 2010, as well as the decisions to maintain his custody level in May 2011, April 2012, 2013, and April 2015. Comp. ¶¶ 61–62, 63–69.

Judge Creatura determined the continuing violation doctrine applied because Williams "alleges that the constitutional violations continued from 2010 to 2015 when

1   defendants repeatedly revisited and reaffirmed [his] classification status . . . ." Dkt. 84 at

2   7.  In reaching this conclusion, it appears Judge Creatura relied on an erroneous legal

3   standard.  Judge Creatura explained that Williams could invoke the continuing violations

4   doctrine by showing "a series of related acts, one or more of which falls within the

5   limitations period . . . ." *Id.* at 6 (quoting *Gutowsky v. County of Placer*, 108 F.3d 256,

6   259 (9th Cir. 1997)).  "Prior to *Morgan*, a plaintiff arguably could invoke the continuing

7   violations doctrine by demonstrating . . . a series of related acts, one or more of which

8   falls within the limitations period . . . ." *Cherosky v. Henderson*, 330 F.3d 1243, 1246

9   (9th Cir. 2003) (internal quotation marks and citation omitted).  "In *Morgan*, however,

10  the Supreme Court substantially limited the notion of continuing violations: 'discrete

11  discriminatory acts are not actionable if time barred, even when they are related to acts

12  alleged in timely filed charges.'" *Id.* (quoting *Morgan*, 536 U.S. at 122).

13       The question nevertheless remains whether the classification decision and the

14  subsequent custody decisions constitute discrete acts.  The answer to this question will

15  determine when Williams's claims accrued and whether the continuing violation doctrine

16  applies.

17       The Ninth Circuit's decision in *Pouncil* is instructive.  Pouncil was a "state

18  prisoner serving a sentence of life imprisonment without parole ('LWOP')." *Pouncil*,

19  704 F.3d at 570.  In 2002, Pouncil requested a conjugal visit. *Id.*  The request was denied

20  because a prison regulation did not allow LWOP prisoners to have conjugal visits. *Id.* at

21  570–71.  In 2008, Pouncil requested another conjugal visit. *Id.* at 571.  This request was

22  also denied based on essentially the same prison regulation. *Id.*  The Ninth Circuit held

1   the 2008 denial constituted a discrete act that caused a new limitations period to run. *Id.*

2   at 582–83.  The Ninth Circuit explained that Pouncil's claims "[did] not stem from the

3   policy regarding the denial of conjugal visits to LWOP prisoners, but rather from the

4   individualized decisions that resulted from implementation of a policy originating from

5   the [California Department of Corrections and Rehabilitation]." *Id.* at 582 (quoting

6   *Cherosky*, 330 F.3d at 1245).

7        In light of *Pouncil*, the Court finds that the decision to classify Williams as a De

8   Facto LWOPP in October 2010 constitutes a discrete act—the alleged wrong occurred

9   when Williams's classification status was changed.  The subsequent decisions to maintain

10  Williams's custody level in August 2011, April 2012, 2013, and April 2015 also

11  constitute discrete acts.  Liberally construed, Williams alleges his custody level was

12  revisited at each review hearing.  He further alleges he objected to his custody level

13  before these hearings, but the hearing officers declined to change his custody status.

14  Each custody decision is therefore best characterized as a discrete act. *See Pouncil*, 704

15  F.3d at 581; *Cherosky*, 330 F.3d at 1247.  Because each decision constitutes a discrete

16  act, the continuing violation doctrine does not apply. *Morgan*, 536 U.S. at 113.

17       Although each decision constitutes a discrete act, not all of the acts fall within the

18  statute of limitations.  As noted above, Williams may only bring claims that accrued prior

19  to September 2012.  Thus, Williams's due process, equal protection, and ex post facto

20  claims are barred to the extent they are based on the classification decision in 2010 and

21  the custody decisions in May 2011 and April 2012.  Williams may nevertheless bring

22  claims based on the custody decisions in 2013 and April 2015.

1    While claims based on the custody decisions in 2013 and April 2015 are not time

2  barred, it is not clear that Williams has stated a claim for relief based on those custody

3  decisions.  Rather than proceeding to address this issue here, the Court concludes it

4  should be rereferred to Judge Creatura for further consideration.

5    **2.    Retaliation Claim**

6    With regard to Williams's retaliation claim, Williams alleges he objected to the De

7  Facto LWOPP classification before the custody hearings, and Defendants retaliated

8  against him because of his objections.  Comp. ¶¶ 60–62, 65–69.  Defendants did not fully

9  brief whether each alleged instance of retaliation constitutes a discrete act.  If each

10  instance of retaliation is a discrete act, then a new claim would accrue—and a new statute

11  of limitations would run—for each instance of retaliation.  *See Morgan*, 536 U.S. at 113.

12  It seems Williams could bring a retaliation claim for each discrete act that occurred

13  within the limitations period.  *See id.* at 114.  Conversely, if each instance of retaliation is

14  not a discrete act but a consistent pattern of discrimination because of Williams's

15  continued objections, the continuing violation doctrine could possibly apply.  Because

16  this issue was not fully addressed, however, the Court declines to determine at this time

17  whether Williams's retaliation claim is time barred.

18  **C.    Conclusion**

19    For these reasons, the Court declines to adopt the R&R.  Because the legal

20  framework for this case has changed significantly, the Court also declines to address the

21  parties' remaining objections.  This matter is referred to Judge Creatura for further

22  consideration of the issues identified above.

1

                                    **III. ORDER**

2          The Court having considered the R&R, the parties' objections, and the remaining

3    record, does hereby find and order:

4          (1)      The Court **DECLINES to adopt** the R&R;

5          (2)      Williams's due process, equal protection, and ex post facto claims are

6    **DISMISSED with prejudice** to the extent those claims rely on acts before September

7    2012; and

8           (3)      The case is **REREFERED** for further proceedings.

9          Dated this 16th day of February, 2016.

10

11
                                   _____
                                   BENJAMIN H. SETTLE
12                                 United States District Judge

13

14

15

16

17

18

19

20

21

22