UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL W. WILLIAMS,<br><br>               Plaintiff,<br><br>   v.<br><br>BERNIE WARNER, et al.,<br><br>               Defendants. | CASE NO. C15-5655 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 86), and Plaintiff Michael Williams's ("Williams") objections to the R&R (Dkt. 88).

On September 21, 2015, Williams filed a 42 U.S.C. § 1983 complaint against thirty-three defendants, including the State of Washington, the Washington Department of Corrections ("DOC"), and various DOC employees (collectively "Defendants"). Dkt. 9. Two days later, Williams filed an amended complaint, alleging Defendants violated his due process, equal protection, and First Amendment rights, as well as the Ex Post Facto Clause. Dkt. 19 ("Comp.") ¶¶ 75–85.

1   On November 16, 2015, Williams moved for partial summary judgment. Dkts. 77,
2   78. Williams argued that RCW 4.92.075, which provides the state will indemnify state
3   employees acting within the scope of their official duties, violates the Supremacy Clause
4   when applied to § 1983 actions. Dkt. 78. On December 28, 2015, Judge Creatura
5   recommended the Court deny Williams's motion because RCW 4.92.075 does not
6   conflict with § 1983. Dkt. 86. On January 15, 2016, Williams filed objections. Dkt. 88.
7   Defendants did not respond.

8   Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's
9   recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to. The district judge
> may accept, reject, or modify the recommended disposition; receive further
> evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3)

Williams first argues the Court should strike Defendants' response to his summary judgment motion because Defendants did not serve him with their response. Dkt. 88 at 2–3. Even if the Court were to strike Defendants' response,[1] the Court would still reach the same conclusion with respect to the Supremacy Clause issue, as discussed further below.

Williams next contends Judge Creatura erred by concluding RCW 4.92.075 does not conflict with § 1983. Dkt. 88 at 3, 8–17. The Court has reviewed Williams's arguments, and finds that they do not compel a different result. As Judge Creatura

---

[1] Defendants included a certificate of service with their opposition. Dkt. 81 at 4.

discussed, RCW 4.92.075 neither prohibits Williams from filing § 1983 claims against state employees nor interferes with Williams's ability to recover damages for successful claims. *See* Dkt. 86 at 5–7. The Ninth Circuit has also recognized that a state may pay the damages awarded against a state employee. *See Cornwell v. Riverside*, 896 F.2d 398, 400 (9th Cir. 1990). As the Ninth Circuit explained, nothing in § 1983 precludes a state from indemnifying an employee. *Id.* ("When Congress has wanted to prohibit payment of damages on behalf of one person by another it has known how to do so with express language. Congress has enacted no such provision here." (internal citations omitted)).

Therefore, the Court having considered the R&R, Williams's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) Williams's motion for partial summary judgment is **DENIED**.

Dated this 14th day of March, 2016.

BENJAMIN H. SETTLE  
United States District Judge